**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JUAN CARLOS GARCIA GONZALEZ,**

      Petitioner,

v.                                          Civil Action No. **3:26CV38 (RCY)**

**WARDEN CAROLINE DETENTION
FACILITY, *et al.*,**

      Respondents.

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner's Response (ECF No. 8) to the Court's second Memorandum Order directing that Petitioner either submit a personally signed Petition or make a more particularized showing of "next friend" status. *See* Order, ECF No. 7. In its Order, the Court held that Petitioner's representations (through counsel) remained insufficient to support a "next friend" finding, and once again ordered Petitioner to submit a Petition complying with Rule 2 of the Rules Governing § 2254[1] Cases in U.S. District Courts, reaffirming that failure to comply would result in dismissal of the action. *Id.* at 2.

In the present Response, counsel does not represent that they have been denied access to Petitioner—only that counsel had *sent* documents to Petitioner and received nothing back. ECF No. 8, ¶ 2. And while counsel now further represents that Petitioner has been transferred—first to Texas, then to Louisiana—and that this has prevented counsel from obtaining a signed Petition in compliance with the Court's Order, such transfer alone does not constitute *de facto* inaccessibility, for purposes of "next friend" standing. Counsel has repeatedly failed to make the required showing

---

[1] As explained in the Court's prior Order, Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

that Mr. Garcia is unable to litigate the Petition on his own behalf, *see Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) ("The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." (internal quotation marks omitted)), and while the Court is not unsympathetic to the circumstances of Mr. Garcia and those who care for him, the Court must nevertheless hold Petitioner and counsel to the same Rules and standards applicable to all § 2241 petitions brought before this Court.

Accordingly, the Court holds that Petitioner's Response fails to excuse Petitioner's non-compliance with the Court's prior Orders, and so the Court is forced to dismiss the Petition. *See* Fed. R. Civ. P. 41(b). Petitioner may file a renewed § 2241 petition in the jurisdiction of his present detention, should he be so inclined.

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date:  February 23, 2026
Richmond, Virginia

2